UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOEL DARDEN

     Petitioner,

  v.

BUREAU OF PRISONS, et. al.
     Respondents.
------------------------------------------------------------X

ORDER
09 CV 2451(SJ)

APPEARANCES:

LAW OFFICES OF HARRY C. BATCHELDER, JR.
61st Floor
40 Wall Street
New York, NY 10005
By: Harry Conrad Batchelder, Jr.
Attorney for Petitioner

BENTON CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: SreeVamshi Reddy
Attorney for Bureau of Prisons

JOHNSON, Senior District Judge:

    Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Motion") and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), brought by Joel Darden ("Petitioner"), by his post-conviction counsel. Petitioner moves to

1

P-049

modify a sentence imposed by the Court under docket number 00 CR 315. For the following reasons, the petition is GRANTED in part.

## Factual and Procedural Background[1]

Petitioner is seeking to challenge a judgment, which followed a plea of guilty, convicting Petitioner of being a prior convicted felon in possession of a weapon in violation of 18 U.S.C. § 922(g) and sentencing Petitioner to 120 months of incarceration.

Petitioner is currently an inmate at the Metropolitan Detention Center in New York and commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner's initial challenge, under the §2241 Motion, was to the Federal Bureau of Prisons' ("BOP") execution of his sentence and calculation of his prior custody credit. At this Court's direction, and after the BOP amended its calculation of the prior custody credit, Petitioner subsequently filed a motion to correct sentence pursuant to 28 U.S.C. § 2255 and requested that it be considered an amendment to his original §2241 petition. That request is granted. In his § 2255 motion, filed on March 24, 2010 ("the § 2255 Motion"), Petitioner challenges the sentence imposed on him by this Court and requests that it be amended to reflect time-served.

---

[1] The facts and procedural history of this case, as well as the underlying criminal action, are presumed to be known by the parties and will not be recounted here except as relevant to this decision.

2

Petitioner was arrested on September 17, 1999 in the Middle District of Florida for negotiating counterfeit checks (the "Florida Charges"). While on pretrial release, he fled home detention and a warrant was issued for his arrest. On February 23, 2000, Petitioner was found and arrested on the fugitive arrest warrant in the Eastern District of New York ("EDNY"). At the time of his arrest, Petitioner was in possession of a firearm and ammunition. On March 23, 2000, he was indicted in the EDNY for a violation of 18 U.S.C. §922(g)(1) (as a felon in possession of a firearm) (the "New York Charge"). On March 12, 2002, Petitioner pled guilty to both the New York and Florida charges before the Honorable Cheryl L. Pollak, United Stated Magistrate Judge, Eastern District of New York.

On February 18, 2005, after obtaining new defense counsel, Petitioner moved to withdraw his guilty plea, which had not yet been accepted by this Court. This motion was granted on February 25, 2005, and this Court ordered that Petitioner be transferred to the Middle District of Florida ("MDF") to dispose of the charges pending against him there. This Court also ordered that Petitioner be returned to the EDNY after the charges against him in Florida were resolved. Petitioner was transferred to the MDF on March 9, 2005 and on April 27, 2005, he pled guilty and was sentenced to "time served". At the MDF sentencing, United States District Court Judge G. Kendall Sharp ("Judge Sharp") ordered that any sentence he imposed be run concurrently with any sentence received for crimes

3

P-049

committed in other districts. At the time of his sentencing, Petitioner had been in custody for 63 months.

Thereafter, Petitioner was returned to the EDNY where he pled guilty to the New York Charge on March 3, 2006 and was sentenced on September 25, 2006. This Court sentenced Darden to term of imprisonment of 210 months, which, after a Second Circuit appeal, see United States v. Darden et al., 539 F.3d 116 (2d Cir. 2008), was reduced to 120 months.

On June 4, 2009 Petitioner filed a petition with this Court requesting the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Petition") under civil docket number 09-2451. Petitioner's § 2241 petition sought an order directing the BOP to recalculate his sentence and release date on the grounds that he should have received prior custody credit towards his federal sentence in the EDNY for the time he spent in custody on the Florida Charges. After a gallimaufry of filings and arguments, the BOP determined that it was unable to grant Petitioner prior custody credit because he was sentenced to "time-served," instead of a time-specific. After this Court's intervention, on February 9, 2010, Judge Sharp amended his judgment, sentencing Petitioner to a term of imprisonment of twenty-seven months (the "Amended Judgment"). Judge Sharp reiterated that this sentence was to run concurrent with the sentence imposed by this Court. The BOP subsequently credited Petitioner's EDNY sentence with over

4

3 years of prior custody credit and estimated that Petitioner would be eligible for release in April 2011, over eleven years after he was initially placed in custody and fourteen months beyond this Court's sentence of 120 months.

On March 23, 2010, the Court heard oral argument from both parties to determine whether a further reduction on Petitioner's sentence was warranted. See Darden, 09 CV 2451, Entry Dated March 23, 2010. During the hearing, the BOP argued that because this Court had not yet imposed its sentence when Judge Sharp sentenced Petitioner, there was no sentence for Judge Sharp's sentence to run concurrent with. Therefore, the BOP argued that the term must be calculated consecutively and no further reductions are warranted. At this Court's request, on March 24, 2010, Petitioner filed the § 2255 Motion under civil docket number 10 CV 1331 requesting that this Court amend its sentence to "time-served" to properly effectuate the intention of Judge Sharp and of this Court that the sentences imposed on the New York and Florida Charges run concurrently.

Discussion

It is well-settled in this Circuit that a petition filed pursuant to 28 U.S.C. § 2241 ("§ 2241") "generally challenges the execution of a federal prisoner's sentence," rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001). A § 2241 petition is generally the

5

appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence. Id.; see also Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition). Petitioner's claim initially presented a challenge to the BOP's calculation and application of his prior custody credit. See Darden, 09 CV 2451, Docket No. 1. However, after Judge Sharp's Amended Judgment, the BOP recalculated its allocation of prior custody credit. Although their stubborn refusal to allocate in the credit in a fashion that complies with the intention of the sentencing judges is morally questionable,[2] their allocation is technically correct.

The final ground for Petitioner's challenge relates to his allegation that the sentence imposed by this Court was improperly defined and did not include the appropriate mechanisms to allow it to run concurrently with the sentence on the Florida charges. Id. This type of claim is more appropriately considered under §2255. Brooks v. United States, No. CV 06-1728, 2007 WL 1655775, at *2 (E.D.N.Y. June 5, 2007). "...§2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

---

[2] As Feoude said "a man can do what he ought to do; and when he says he cannot, it is because he will not."

6

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Jiminian, 245 F.3d at 147 (quoting 28 U.S.C. § 2255 ¶ 1). In light of the procedural history in this case, this Court will consider Petitioner's § 2255 motion as an amendment to his original § 2241 Petition.

§ 2255 applies to:

> a prisoner in custody under the sentence of a court established by Act of Congress claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or the law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess if the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct a sentence.

28 U.S.C. § 2255(a). Thus, § 2255 permits a collateral attack on a final judgment for an error of law or fact only where the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizo, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); see also United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995).

An error in sentencing procedure can cause a clear miscarriage of justice where a party's liberty is improperly compromised. Sentencing procedure is "subject to due process rights" under the Fifth Amendment. Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998). Due process requires that a defendant: (1)

7

P-049

"not be sentenced based on materially false information," id. (citing Townsend v. Burke, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)); (2) "not be sentenced based on a material misapprehension of fact," Torres, 140 F.3d at 404 (citing United States v. McDavid, 41 F.3d 841, 843-44 (2d Cir.1995)); and (3) "be given notice and an opportunity to contest the facts upon which the sentencing authority relie[d] in imposing the sentence." Torres, 140 F.3d at 404 (citing Burke, 334 U.S. at 741). In fact, it is well established that "... material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process." United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970) (citing Burke, 334 U.S. at 740-41). The Second Circuit has stated that for a sentence to be unconstitutional, actual reliance on the erroneous information need not necessarily be shown. See United States v. Robin, 545 F.2d 775, 779 n. 12 (2d Cir. 1976). In McGee v. United States, 462 F.2d 243 (2d Cir. 1972), the court set aside a sentence after concluding that the sentencing judge's reliance on an improper factor was "quite probable." Id. at 246.

      Here, this Court incorrectly interpreted United States v. Labeille-Soto, 163 F.3d 93 (2d Cir. 1998), in assuming that Petitioner's New York and Florida sentences could not run concurrently. Under Labeille, a district court may not impose a prison sentence to run concurrently with a discharged term of imprisonment. Id. at 99. However, at the time of his re-sentencing, Petitioner's

sentence had not been discharged as it was imposed to run concurrently with a sentence that had yet to be satisfied. No inquiry was made at sentencing as to whether Petitioner's Florida sentence was discharged, and the record does not reflect whether Petitioner's Florida sentence was discharged at the time that this Court sentenced Petitioner. While the Government and the BOP objected to the Petitioner's arguments regarding the calculation of prior custody credit, there was no apparent objection to running the sentences concurrently. As the Government stated, "this Court is free to impose concurrent sentences for the Florida conviction and the New York conviction." See Darden 00 CR 315, Document No. 81. This Court improperly disregarded the Government's position on this issue. Had this Court been aware that the Florida sentence was in fact, undischarged, it would specified concurrency or even have exercised its discretion under U.S.S.G. 5G1.3(c)[3] and applied a downward departure to effectuate this intent.

Petitioner's claim of a constitutional defect is not foreclosed by United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), which stands for the proposition that a sentencing judge's reliance on a misunderstanding or erroneous prediction will not invalidate a sentence. There, a judge selected a sentence under the incorrect assumption that the Parole

---

[3] "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.SG. 5G1.3(c) (Policy Statement).

9

P-049

Commission would favorably exercise its discretion to release the prisoner after he served one-third of a ten-year sentence. Addonizio, 442 U.S. at 181 n. 3, 99 S.Ct. at 2238 n. 3. The Supreme Court upheld the sentence, explaining that subsequent actions within the discretion of the Parole Commission do not affect the validity of the judgment itself. In Addonizio, the sentencing judge made an incorrect prediction of how the Parole Commission would exercise its discretion. By contrast, in the instant case, this Court made an "objectively ascertainable error," id. at 187, 99 S.Ct. at 2241, about its ability to run its sentence concurrent to another or to impose a downward departure on Petitioner's sentence, a matter of law rather than a prediction concerning an agency's discretion. See King v. Hoke, 825 F.2d 720, 724 (2d Cir. 1987).

The distinction between an inaccurate "prediction concerning an agency's discretion" and an "objectively ascertainable error" occurring at sentencing was emphasized in U.S. v. Hollenbeck, 932 F.Supp. 53 (N.D.N.Y. 1996). In Hollenbeck, the court found that the defendant was entitled to a further reduction in his sentence where initial reduction decision was based on district court's belief that sentencing at top end was necessary to allow defendant to participate in comprehensive treatment program and where defendant was subsequently told that even that sentence was not long enough to allow such participation. Id.

10

P-049

In this case, the Court made an "objectively ascertainable error" in interpreting the sentencing options available to it. This error was further compounded by the Court's assumption that it need not specify that the sentences were to run concurrent because Judge Sharp's sentence had already included this order. United States v. Wenger, 457 F.2d 1082, 1083 (2d Cir. 1972) (acknowledging that "[i]t is true that an all but conclusive presumption does exist in all federal sentencing that unless otherwise stated a sentence imposed on a given count or indictment is concurrent with other sentences then imposed or previously imposed). As a result of this Court's error, Petitioner is serving a sentence that far exceeds his original sentence of 120 months. The distortion of the sentencing proceeding caused by the error was fundamental. Few fact patterns could offer a clearer example of a violation of due process.

CONCLUSION

After a review of the filings and the relevant portions of the record in the civil and criminal dockets relating to this case, in addition to the oral arguments presented to the court, the Court concludes that Petitioner's sentence was based on a Constitutional error and represents a fundamental miscarriage of justice. Accordingly, the Court hereby GRANTS the motion. The Court will amend its sentence of 120 months to 81 months pursuant to 28 U.S.C. §2255.

11

P-049

Moreover, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is hereby DISMISSED in its entirety. The Clerk of the Court is directed to close the case. SO ORDERED.

DATED:     April 14, 2009             /S/
                Brooklyn, NY       Senior U.S.D.J. Sterling Johnson, Jr.